UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maribel Haag, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 05403 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| Cook County Adult Probation; Office | ) | |
| of the Chief Judge of the Circuit Court | ) | |
| of Cook County, Illinois; Delores M. | ) | |
| Johnson; Darryl Gray; Athenia Palmer; | ) | |
| Noreen Larson; Lisa Stawczyk; and | ) | |
| Rashaan Moore, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Maribel Haag served as a Probation Officer in Cook County's Adult Probation Department, which is part of the Office of the Chief Judge of the Circuit Court of Cook County.[1] On March 1, 2018 Haag brought this Second Amended Complaint against the Office of the Chief Judge and six of its employees for discrimination and retaliation under the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. R. 40, Second Am. Compl.

In response, the Office of the Chief Judge filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] R. 55, OCJ Mot.

---

[1]This Court has subject matter jurisdiction over Haag's claims under 28 U.S.C. § 1331.
[2]Counts 1 through 9 of the Second Amended Complaint were voluntary dismissed as to the individual Defendants. R. 59. The OCJ brings this motion to dismiss alone.

Dismiss. The Office of the Chief Judge argues that Haag failed to adequately allege discrimination and retaliation under the ADA (Counts 1 and 2 of the complaint), that the Office cannot be sued under either 42 U.S.C. § 1983 (Count 10) or 42 U.S.C. § 1981 (Count 11), and that Haag's requests for punitive, exemplary, and liquidated damages should be struck from her complaint.

The Office of the Chief Judge's motion to dismiss is granted in large part. Count 1 (ADA discrimination) is dismissed without prejudice to another amendment to the complaint filed by November 7, 2018. Count 2 (ADA retaliation) is dismissed with prejudice (although the Court would consider a prompt motion to reconsider, as explained later in the Opinion). Counts 10 (discrimination under § 1983) and 11 (discrimination under § 1981) are dismissed with prejudice as to the Office of the Chief Judge. Finally, requests for punitive and exemplary damages are struck from the remaining counts, and requests for liquidated damages are struck from all remaining counts except Haag's ADEA claims (Counts 3 and 4).

## I. Background

Maribel Haag was a Probation Officer in the Cook County Adult Probation Department from October 2014 through July 14, 2017. Second Am. Compl. ¶¶ 3, 18, 34. Haag's clashes with her employer began on January 13, 2016, when she told the Defendants that "she was unable to participate in the entirety of a meeting due to her disability." *Id*. ¶ 20. That same day, she was suspended, and one-half day's worth of her wages were withheld. *Id*. ¶ 21. Haag also alleges that several of OCJ's other employees began harassing her at that point. *Id*. ¶¶ 22-26. Between January 13, 2016 and June 7, 2017, Haag was issued written warnings, received a one-week

suspension, was transferred from her post at one location to another, and received a disciplinary warning. *Id*. ¶¶ 23-27. On June 13, 2016, Haag "filed a Charge of Discrimination with the Illinois Department of Human Rights" (IDHR). *Id*. ¶ 32. That charge alleged that the Defendants had discriminated against her "based upon her national origin, disability, age, sex, and religion." *Id*.; *see also* Second Am. Compl., Exh. B.

On September 19, 2016, Haag left a training "to speak to [her] psychologist regarding post-traumatic stress." Second Am. Compl. ¶ 28. On that date, she was docked half an hour of training time. *Id*. Over the next few months, she was also directed to perform tasks other employees did not have to perform, and she was informed "that she would be subjected to disciplinary investigations which other similarly situated employees were not subjected to." *Id*. ¶¶ 28-30. On February 14, 2017, Haag filed another Charge of Discrimination with the IDHR, again alleging "discrimination based upon her national origin, age, disability, and sex," as well as retaliation. *Id*. ¶ 33; *see also* Second Am. Compl., Exh. D.

Haag ultimately took a six-month leave from her work, and her seniority status changed from her original hire date of October 22, 2014 to April 22, 2015. Second Am. Compl. ¶ 35. She was finally laid off on July 14, 2017. *Id*. ¶ 34.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (cleaned up).³ The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

In employment discrimination cases in particular, complaints need not "contain specific facts establishing a prima facie case of discrimination." *Swierkiewicz,* 534 U.S. at 508; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (citing *Swierkiewicz* approvingly and stating that "[a] plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else.").

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the

---

³This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

4

assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

## III. Analysis

### 1. ADA Discrimination (Count 1)

The Office of the Chief Judge argues that Haag's ADA discrimination claim must be dismissed for failure to state a claim. *See* OCJ Mot. Dismiss at 3-5. A discrimination claim under the ADA consists of three elements. The plaintiff must ultimately prove "(1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job, either with or without a reasonable accommodation, and (3) she suffered from an adverse employment action because of her disability." *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838-39 (7th Cir. 2012) (citing *Nese v. Julian Nordic Const. Co.*, 405 F.3d 638, 641 (7th Cir. 2005)).

To successfully allege the first element of an ADA discrimination claim, the plaintiff must plead either that she has "a physical or mental impairment that substantially limits one or more of [her] major life activities," that she has "a record of such impairment," or that her employer "regarded [her] as having such an impairment." 42 U.S.C. § 12102(2)(A)-(C). The Seventh Circuit has explained that "[n]ot every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity." *Cassimy v. Bd. of Educ. of Rockford Pub. Sch., Dist. 205*, 461 F.3d 932, 936 (7th Cir. 2006) (considering whether the plaintiff's depression and anxiety had a large enough impact on his life activities that they could be considered disabilities under the ADA). Courts consider "1) the nature and severity of the impairment; 2) the duration of the impairment; and 3) the permanent or long-term

impact resulting from the impairment" in determining whether it substantially limits life activities. *Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 450 (7th Cir. 2001). At the pleading stage, a plaintiff is not required to plead all the facts that might ultimately support a finding that she suffers from an ADA-eligible disability. But her complaint must include enough information to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That means the complaint must provide some *factual* (instead of conclusory) explanation on the effect her disability has had on her major life activities such that it could plausibly fall within the protections of the ADA. *See, e.g., Homeyer v. Stanley Tulchin Assocs., Inc.*, 91 F.3d 959, 961 (7th Cir. 1996) (reversing dismissal of an ADA claim where the plaintiff alleged that "her physical condition … substantially impaired her ability to breathe and … work.").

Haag's complaint lacks the kind of factual information necessary to allege a disability under the ADA. The complaint itself barely mentions her mental health condition and does so only in reference to two seemingly isolated incidents: On January 13, 2016, Haag was "unable to participate in the entirety of a meeting due to her disability," and on September 19, 2016—over eight months later—she left a training "to speak to [her] psychologist regarding post-traumatic stress." Second Am. Compl. ¶¶ 20, 28. The charges that Haag filed with the Illinois Department of Human Rights (IDHR) also mention her mental health conditions, but only to label her claims: The June 13, 2016 Charge listed Haag's disability as "anxiety disorder." *See* Second Am. Compl., Exh. B at 3, 5, 8, 10, 12, 15, 16. The February 14, 2017 Charge

6

listed her disabilities as "depression," "post traumatic stress disorder," and "anxiety." *See* Second Am. Compl., Exh. D at 2-4, 7-8.

These allegations, on their own, do not establish that Haag was disabled within the meaning of the ADA. To be sure, anxiety disorder, depression, and post-traumatic stress disorder are all mental illnesses that might very well be severe enough to qualify someone as disabled. Haag's complaint, however, does not provide *any* information on whether or how they substantially limit one or more of her major life activities. Haag's response to the motion to dismiss argues that the facts in her complaint suggest "she was unable to participate in the entirety of a meeting due to her disability" and that "[h]er condition was severe enough to require an immediate phone call to her psychologist." *See* R. 60, Pl. Resp. OCJ Mot. Dismiss at 2-3. But those episodes are just that—two separate moments in which Haag's mental health condition prevented her from one meeting and one training session. Those two events alone do not plausibly suggest that Haag's major life activities were substantially limited. Having said that, this should be a readily fixable pleading deficiency, and as noted below, the Court will permit Haag to submit a third amended complaint to cure the problem.

In contrast, the complaint does effectively allege the second and third elements of an ADA discrimination claim, especially under the notice-pleading regime for employment discrimination claims established by *Swierkiewicz*. The second element requires that Haag be a "qualified individual with a disability," which means an individual "who, with or without accommodation, can perform the essential functions

of the employment condition that such individual holds or desires." *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1058 (7th Cir. 1998) (quoting 29 C.F.R. § 1630.2(m)). Haag's complaint does not provide extensive information about her qualifications and ability to do the job, but it alleges enough. Specifically, Haag alleges that she performed her job to her supervisors' satisfaction. Second Am. Compl. ¶ 19 ("At all times relevant, Haag has performed her job duties in an acceptable and satisfactory manner, consistent with Cook County Adult Probation Department's Standards."); *see also* Second Am. Compl., Exh. D at 2 ("My disability is unrelated to my ability to perform the essential functions of my job with or without a reasonable accommodation."). This allegation fairly puts the Office of the Chief Judge on notice that Haag is a qualified individual able to perform her job.

The third element of an ADA discrimination claim requires that Haag "suffered from an adverse employment action because of her disability." *Hoppe*, 692 F.3d at 838-39 (citing *Nese*, 405 F.3d at 641). Haag has also sufficiently alleged this element. The complaint lists various adverse actions that the Defendants allegedly took against her, and it alleges they took those actions because of her disability. *E.g.*, Second Am. Compl. ¶ 43 ("Based on information and belief, Plaintiff was suspended because the Defendants refused to accommodate her disability."), ¶ 44 ("Based on information and belief, Plaintiff's discipline and treatment was the result of discrimination based upon disability by the Defendants."). It is also clear from the complaint that all the alleged instances of discipline and harassment (*see id.* ¶¶ 21-35) took place after the Defendants learned of Haag's disability for what appears to

8

have been the first time on January 13, 2016. *Id*. ¶ 20. These allegations lay out a plausible—if skeletal—story and provide the Office of the Chief Judge with fair notice of Haag's claim.

Ultimately, Count 1 must be dismissed because Haag failed to allege that she suffers from a disability under the ADA. But the dismissal is without prejudice to submitting a third amended complaint by November 7, 2018, to fix the deficiency discussed above. *See* Pl. Resp. OCJ Mot. Dismiss at 3 (asking for leave to amend if the complaint is inadequate). Of course, even if Haag amends her complaint to successfully allege discrimination under the ADA, winning her case will eventually require her to produce more evidence on all three elements of the claim. Demanding more evidence on the second and third elements of her claim at this stage, however, would impose a stricter pleading standard than is permitted for employment discrimination cases.

### 2. ADA Retaliation (Count 2)

The Office of the Chief Judge argues that Haag's claim of retaliation under the ADA must also be dismissed for failure to state a claim. *See* OCJ Mot. Dismiss at 3-5. Because Haag does not present any argument on her ADA retaliation claim distinct from her discrimination claim—in, fact, her response does not acknowledge the Defendant's arguments on this claim at all—Count 2 is dismissed with prejudice. *See* Pl. Resp. OCJ Mot. Dismiss.

The Court notes, however, that there are some allegations in Haag's February 14, 2017 Charge of Discrimination to the IDHR that could constitute the basis for an ADA retaliation claim. *See* Second. Am. Compl., Exh. D. In that charge, Haag alleges

9

that in the months after she filed her June 2016 Charge with the IDHR, she was "docked ½ hour of training time," "instructed to complete work that should have been completed by the previous officer of record," and subjected to a "secondary investigation for caseload negligence." *Id*. at 3, 6, 10. She also alleges that those actions were taken "in retaliation for" her filing of the June 2016 Charge. *Id*. at 3, 6, 10. Under Federal Rule of Civil Procedure 10(c), those allegations might well have been considered as part of the complaint. Fed. R. Civ. P. 10(c). But Haag failed *entirely* failed to respond to the Office of the Chief Judge's arguments against her ADA retaliation claim. It would be inappropriate for the Court to salvage the claim from factual tidbits buried in the complaint's exhibits (especially without giving the Office of the Chief Judge a chance to respond). Haag may file a motion to reconsider but would have to explain why the complete lack of a response in the brief should be excused and why the Defendants would suffer no prejudice from a reconsideration of the dismissal.

### 3. 42 U.S.C. § 1983 (Count 10)

The Office of the Chief Judge argues that Count 10 must be dismissed against it because the Office is not considered a "person" under 42 U.S.C. § 1983. *See* OCJ Mot. Dismiss at 5. The Defendant is correct, and Count 10 is dismissed with prejudice as against the Office of the Chief Judge.

It is long-established that a state is not a "person" under § 1983, so states cannot be held liable under the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017). State courts

10

established by state statutes are considered arms of the state, so state courts are not "person[s]" for § 1983 purposes. *See Griffin v. State of Wisconsin*, 2007 WL 2913892, at *3 (7th Cir. Oct. 5, 2007) ("Griffin's claims against the … Milwaukee County Circuit Court (an arm of the state, *see* Wis. Stat. 753 (2005-06)) must fail because a state is not a "person" that can be sued under 42 U.S.C. § 1983."); *see also Kelly v. Mun. Courts of Marion Cty., Ind.*, 97 F.3d 902, 907-08 (7th Cir. 1996) (finding that an Indiana municipal court was "a unit of the judicial branch of the State of Indiana" and thus that its judge was "entitled to immunity under the Eleventh Amendment.");[4] *cf. Scott v. O'Grady*, 975 F.2d 366, 371 (7th Cir. 1992) (finding that Illinois county sheriffs act as arms of the state when "they act to enforce orders issued by state courts.").

The Office of the Chief Judge of the Circuit Court of Cook County is an office within Illinois's state court system, established by state statute. *See* 705 ILCS 35/1, 705 ILCS 35/4.1. That means that it is not a person and is not subject to liability under § 1983.

### 4. 42 U.S.C. § 1981 (Count 11)

The Office of the Chief Judge also argues that, as an arm of the state, it cannot be sued under 42 U.S.C. § 1981. *See* OCJ Mot. Dismiss at 5. Again, the Defendant is correct, and Count 11 is dismissed with prejudice as against the Office.

---

[4]Given that the Office of the Chief Judge is an arm of the state of Illinois, it follows that it is likely also protected from suit by the Eleventh Amendment (or by the sovereign immunity that prevents suits against Illinois by its own citizens under the Supreme Court's extension of Eleventh Amendment immunity in *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Office did not raise this issue in its motion to dismiss, however, so the Court does not examine it here.

The Seventh Circuit has held that 42 U.S.C. § 1981 "does not create a private right of action against state actors" and that § 1983 is "the exclusive remedy for violations of § 1981 committed by state actors." *Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014).[5] Because the Office of the Chief Judge for the Circuit Court of Cook County is a governmental entity, it is a "state actor" under *Campbell. See Williams v. Office of Chief Judge of Cook Cty., Ill.*, 839 F.3d 617, 627 (7th Cir. 2016) (applying *Campbell* to bar § 1981 liability for an individual defendant employed by the Office of the Chief Judge of Cook County); *see also Cole v. Bd. of Tr. of N. Ill. Univ.,* 838 F.3d 888, 895 n.5. (7th Cir. 2016), *cert. denied,* 137 S. Ct. 1614 (2017) (applying *Campbell* to bar § 1981 liability for a state university); *Ball v. City of Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014) (reaffirming that "section 1983 [is] the sole avenue of relief for violation of the rights protected by section 1981 when the claim is asserted against a state (*i.e.*, government) actor.").

Haag cites several cases brought in this circuit against government entities under 42 U.S.C. § 1981. *See* Pl. Resp. OCJ Mot. Dismiss at 6-7. But all of those cases were decided before the Seventh Circuit's decision in *Campbell*, so the Court does not find them to be persuasive. Count 11 is dismissed as against the Office of the Chief Judge.

---

[5]The Court acknowledges that in this case, because the OCJ is not a "person" subject to liability under § 1983, the Plaintiff will not have any remedy against it for its alleged violations of § 1981. This result does not strike the Court as absurd. In fact, it would be more surprising if litigants could use § 1981 as an end run around the "well-established common-law" of state sovereign immunity. *Will*, 491 U.S. at 58 (1989).

12

**5. Damages**

Finally, the Office of the Chief Judge argues that the Court should strike Haag's requests for liquidated, exemplary, and punitive damages. *See* OCJ Mot. Dismiss at 5-7. Haag concedes that that the Office is exempt from judgments for punitive and exemplary damages that would otherwise be available against private entities under the ADA and Title VII. *See* Pl. Resp. OCJ Mot. Dismiss at 7; 42 U.S.C. § 1981a(b)(1). And the ADEA does not provide for punitive and exemplary damages at all. So the requests for punitive and exemplary damages are struck.

Liquidated damages are not available under either Title VII or the ADA, and Haag concedes that as well. *See* Pl. Resp. OCJ Mot. Dismiss at 7; *Paul v. Chi. Transit Auth.*, 2017 WL 1178222, at *4 (N.D. Ill. March 30, 2017) (collecting authority that liquidated damages are not available under the ADA); *Drase v. United States*, 866 F. Supp. 1077, 1080 (N.D. Ill. 1994) (contrasting the availability of liquidated damages under the ADEA with their unavailability under Title VII). In contrast, the ADEA does provide for liquidated damages "in cases of willful violations." 29 U.S.C. § 626(b).

In sum, Haag's requests for punitive and exemplary damages are struck, as are the requests for liquidated damages under Title VII and the ADA. The liquidated damages requests are struck from the Title VII and ADA claims, but survive as to Counts 3 and 4 (the ADEA claims).

**IV. Conclusion**

To sum up, Count 2 (ADA retaliation), Count 10 (Section 1983), and Count 11 (Section 1981) are dismissed with prejudice as to the Office of the Chief Judge. Count 1 (ADA discrimination) is dismissed, but without prejudice to submitting a third

amended complaint by November 7, 2018. All of the punitive and exemplary damages requests are struck; the liquidated damages requests are struck as to the Title VII and ADA claims (even if the ADA discrimination claim is successfully re-pled or the ADA retaliation claim is reinstated, liquidated damages are not permitted under the ADA); and the liquidated damages request under the ADEA remains intact.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: October 22, 2018