UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Maribel Haag, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 17 C 05403 |
| v. | ) ) ) | Judge Edmond E. Chang |
| Cook County Adult Probation; Office of the Chief Judge of the Circuit Court of Cook County, Illinois; Delores M. Johnson; Darryl Gray; Athenia Palmer; Noreen Larson; Lisa Stawczyk; and Rashaan Moore, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER

This Order decides Plaintiff Maribel Haag's motion to reconsider, R. 74,[1] the prior Opinion that granted in part the Defendants' motions to dismiss the Third Amended Complaint. The Court assumes that the reader is familiar with the prior Opinion. R. 73.

### I. Motion to Reconsider

Maribel Haag served as a Probation Officer in Cook County's Adult Probation Department, which is part of the Office of the Chief Judge of the Circuit Court of Cook County. On March 1, 2018, Haag filed a Second Amended Complaint against the Office of the Chief Judge and six of its employees for discrimination and retaliation under the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. R. 40, Second Am. Compl. The Office of the Chief Judge moved to dismiss the Second Amended Complaint, arguing in part that Haag's claim of retaliation under the ADA must be dismissed for failure to state a claim. *See* R. 55, OCJ Mot. Dismiss Second Am. Compl. at 3-5.[2] Because Haag did not present any argument on the ADA retaliation claim that was at all distinct from the ADA discrimination claim, much less respond to the Office of the Chief Judge's specific

---

[1]Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

[2]Counts One through Nine of the Second Amended Complaint were voluntarily dismissed as to the individual Defendants. R. 59.

argument on the retaliation claim, and because she had already amended the complaint twice, the Court dismissed the claim with prejudice. R. 73, Memo Op. and Order at 9-10; *see* R. 60, Pl.'s Resp. OCJ Mot. Dismiss Second Am. Compl.

But the Court also noted that there were allegations in Haag's February 14, 2017 Charge of Discrimination to the Illinois Department of Human Rights (IDHR) that might the basis for an ADA retaliation claim. Memo Op. and Order at 9-10; *see* R. 40, Second. Am. Compl., Exh. D, IDHR Charge 2/14/17. Under Federal Rule of Civil Procedure 10(c), those allegations might well have been considered as part of the complaint. Fed. R. Civ. P. 10(c). But because Haag had failed to respond to the Office of the Chief Judge's arguments against the ADA retaliation claim, it would have been inappropriate for the Court to salvage the claim from factual tidbits buried in the complaint's exhibits (especially without giving the Office of the Chief Judge a chance to respond). Memo Op. and Order at 10. So the Court simply noted that Haag could file a motion to reconsider its dismissal of the claim with prejudice. *Id.* The Court cautioned, however, that Haag would have to explain why the complete lack of a response in her brief should be excused and why the Defendants would suffer no prejudice from a reconsideration of the dismissal. *Id.*

Haag's motion to reconsider, R. 78, tries to accept this invitation. The motion argues that Haag intended her response to the Chief Judge's motion to dismiss to encompass both Count One (ADA discrimination) *and* Count Two (ADA retaliation). R. 78, Mot. Reconsider at 2-3 (citing Pl.'s Resp. OCJ Mot. Dismiss Second Am. Compl. at 2-3). Haag did not initially respond specifically to the Chief Judge's argument on her ADA retaliation claim, she contends, because her arguments on the ADA discrimination and retaliation claims overlapped, and because most of the Chief Judge's arguments related to the ADA discrimination claim. *Id.*

The Court may reconsider an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties [in a case] … at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A district court has the authority to reconsider an interlocutory order "if there is a compelling reason … that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006); *see also Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559 (7th Cir. 2016) (quoting *Santamarina* and explaining that Rule 60(b) is "inapplicable to interlocutory orders."); *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) ("When Mintz filed his motions to vacate and for leave to file a summary judgment response, no final judgment had been entered yet. Thus, Rule 60(b) was inapplicable and the district court had the discretion to reconsider its prior summary judgment ruling in light of Mintz's belated response."); *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001) (explaining that "the [law of the case] doctrine does not apply if the court is convinced that the prior decision is clearly erroneous.") (cleaned up).

Here, Haag offers no compelling reason to disturb the prior Opinion's holding that Haag forfeited any argument on the ADA retaliation claim. It is true that the Office of the Chief Judge made only one argument specific to Haag's ADA retaliation claim. *See* OCJ Mot. Dismiss Second Am. Compl. at 4-5 (arguing that Haag failed to allege "what reasonable accommodations she sought for her alleged disability."). It is also true that Haag framed her argument as one in response to the Chief Judge's arguments on *both* claims. *See* Pl.'s Resp. OCJ Mot. Dismiss Second Am. Compl. at 2 ("Plaintiff has sufficiently pled facts for ADA *claims*.") (emphasis added); *id*. at 3 ("However, Defendants' arguments for the dismissal of Counts I and II are premature."). But ADA discrimination claims are different from ADA retaliation claims. And the Office of the Chief Judge spent a full paragraph—not just one sentence, as Haag contends—arguing a specific deficiency in Haag's retaliation claim. *See* OCJ Mot. Dismiss Second Am. Compl. at 4-5. That paragraph is easily spotted, as it begins, "Plaintiff's claim of ADA retaliation also fails." *Id*. at 4. And Haag's response did nothing to address it. *See generally* Pl.'s Resp. OCJ Mot. Dismiss Second Am. Compl. Haag has not offered a good explanation for her failure to address that claim, and she never asked for an additional opportunity to brief her response in a sur-reply. So the Court's decision to dismiss the claim still stands. *See Boogard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss.").

In contrast, however, there *is* reason to reconsider the decision to dismiss the claim *with prejudice*. Reviewing the record again, it appears that the Office of the Chief Judge's motion misconstrued Haag's ADA retaliation claim. The Office apparently expected Haag to identify specific reasonable-accommodation requests, *see* OCJ Mot. Dismiss Second Am. Compl. at 4-5, assuming that her retaliation theory involved retaliation for making requests for reasonable accommodation. But the Second Amended Complaint actually presented a different theory: Haag alleged that her "discipline and treatment was the result of retaliation" for "engag[ing] in protected activity and opposing discrimination." Second Am. Compl. ¶ 54; *see also* R. 74, Third Am. Compl. ¶ 56 (reciting the same allegation). That theory carries through in her February 2017 IDHR charge: in that charge (as the Court acknowledged in its prior order), Haag alleged that in the months after she filed her June 2016 Charge with the IDHR, she was "docked ½ hour of training time," "instructed to complete work that should have been completed by the previous officer of record," and subjected to a "secondary investigation for caseload negligence." Second. Am. Compl., Exh. D, IDHR Charge 2/14/17 at 3, 6, 10. She also alleged that those actions were taken "in retaliation for" her filing of the June 2016 Charge. *Id*. at 3, 6, 10.

So although the factual allegations on retaliation are not *well-developed* in the Complaint, they clearly are *included* in the pleadings. In both the Second and Third Amended Complaints, as well as the February 2017 IDHR charge, which is attached to and referred to by both complaints, Haag alleged she was treated poorly at work

3

in retaliation for filing the initial IDHR charge. *See* Second Am. Compl. ¶ 32 (alleging Haag first filed an IDHR charge on June 13, 2016); *id.* ¶¶ 28-30, 34-35 (alleging Haag's poor treatment at work after June 13, 2016); *id.* 51 (incorporating the previously cited paragraphs into Haag's ADA retaliation claim); *id.* 54 ("Based on information and belief, Plaintiff's discipline and treatment was the result of retaliation because the employee engaged in protected activity and opposing discrimination, in violation of the ADA."); *see also* Third Am. Compl. ¶¶ 28-30, 32, 34-35, 53, 56 (alleging the same facts as the Second Amended Complaint paragraphs previously cited). If proved, those allegations might well qualify as retaliation under the ADA. *See Koty v. DuPage Cty., Ill.*, 900 F.3d 515, 519 (7th Cir. 2018) (explaining that "submitting an EEOC charge is a statutorily protected activity" for the purposes of alleging an ADA violation.); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 642 (7th Cir. 2004) ("The very purpose of the retaliation provisions is to prevent employers from deterring employees from exercising their rights, including the right to file a charge of discrimination.").

On the issue of prejudice, the Office of the Chief Judge has not adequately identified any prejudice that it would suffer by a reconsideration of the prior decision. The Office of the Chief Judge argues that being forced to brief the motion to reconsider itself constitutes prejudice, R. 83, OCJ Resp. Mot. Reconsider at 4-5, but the pertinent question is whether there is any prejudice *beyond* the motion practice on the very issue. More importantly, Haag's allegations on ADA retaliation have been in and attached to the complaint all along (see above), such that Haag's Third Amended Complaint alleges nothing new. And because the factual bases for the retaliation claim overlap significantly with the ADA discrimination claim, allowing the retaliation claim to stand should not affect the Office of the Chief Judge's discovery strategy much. And discovery has been paused, so it is not as if discovery is set to imminently end.

So the Court changes its earlier order to dismiss the ADA retaliation claim, making it a dismissal *without* prejudice. That means that Count Two of the Third Amended Complaint may stand. Of course, the Office of the Chief Judge may move again to dismiss Count Two, if there is some defect that warrants a dismissal motion (it seems likely that, at this point, the retaliation claim is adequately stated, though of course far from proven).

## II. Motions to Dismiss

In the previous order, the Court also dismissed Count *One* of the Second Amended Complaint (ADA discrimination) *without* prejudice to filing of an additional amended complaint. Memo Op. and Order at 5-9. So on November 7, 2018, Haag filed her Third Amended Complaint, R. 74, alleging claims under all the same causes of action, except 42 U.S.C. § 1981 and 42 U.S.C. § 1983 (which had both been dismissed with prejudice, R. 73), but with a revised factual basis for Count One. In response,

both the individual Defendants, R. 81, and the Office of the Chief Judge, R. 84; R. 85, brought limited motions to dismiss. Haag does not object to either motion, *see* R. 90; R. 91, so both are granted, as discussed next.

### A. The Individual Defendants' Motion to Dismiss

First up is the individual Defendants' motion to dismiss, R. 81. The Defendants argue that the ADA, ADEA, and Title VII do not apply to them in their individual capacities, R. 81, Indiv. Defs.' Mot. Dismiss at 3-6; that any claims against them in their official capacities are redundant with Haag's claims against their employer, *id.* at 6-7; and that the Cook County Adult Probation Department should be dismissed, because it is a "nonsuable entity," *id.* at 7-8. They acknowledge that Cook County should stay in the case, but for indemnification purposes only. *Id.* at 8

Haag responds that she has already agreed to dismiss her claims against the individual Defendants and the Cook County Adult Probation Department, and that Cook County is only in the case for purposes of indemnification. R. 91, Pl.'s Resp. Indiv. Defs.' Mot. Dismiss at 1-2 (citing Third Am. Compl. at 1 n.1, stating that these Defendants are only included "to preserve the record and for the purpose of appeal if necessary."); *see also* R. 59 (dismissing Counts One through Nine of the Seconded Amended Complaint as to the individual Defendants, and dismissing the Cook County Adult Probation Department); R. 69 ("[T]he Court and the parties agreed that Cook County is in the case solely as an alleged indemnitor.").

The individual Defendants' motion to dismiss is granted: the individual Defendants and the Cook County Adult Probation Department are dismissed from the case. Cook County remains in the case only for indemnification.

### B. The Office of the Chief Judge's Motion to Dismiss

The Office of the Chief Judge moves to dismiss for a different reason: it maintains that Haag cannot recover exemplary, punitive, or liquidated damages under the ADA; punitive or exemplary damages under Title VII; or punitive or exemplary damages under the ADEA. *See generally* R. 84, OCJ Mot. Dismiss; R. 85, OCJ Mot. Dismiss Br. Haag concedes all this in her response. *See generally* R. 90, Pl.'s Resp. OCJ Mot. Dismiss. Because Haag agrees to voluntarily dismiss those damages requests, and for the reasons set forth in the prior Opinion, *see* Memo Op. and Order at 13, the requests for damages listed above are dismissed. Note that although the prior Opinion also discussed liquidated damages under Title VII (which are not included in the list above), *see id.*, Haag's Third Amended Complaint does not request them, so they are no longer at issue. *See* Third Am. Compl. ¶¶ 92-146. Also, the ADEA *does* allow for liquidated damages "in cases of willful violations," 29 U.S.C.

§ 626(b), and Haag's claims for liquidated damages under the ADEA remain intact, *see* Third Am. Compl. ¶¶ 78, 89.

In sum, Haag's requests for punitive and exemplary damages are struck, as are the requests for liquidated damages under Title VII and the ADA. The liquidated damages requests are struck from the Title VII and ADA claims, but survive as to Counts Three and Four (the ADEA claims).

### IV. Conclusion

To sum up, Haag's motion to reconsider is denied in part but granted in the sense that the Court revises its dismissal of the ADA retaliation claim to a dismissal *without* prejudice and allows Count Two of the Third Amended Complaint to stand. The individual Defendants and the Cook County Adult Probation Department are dismissed from the case, and Cook County remains in the case for indemnification only. All of the punitive and exemplary damages requests are struck, the liquidated damages requests are struck as to the Title VII and ADA claims, and the liquidated damages request under the ADEA remains intact.

Here is what is left in the case: Counts One through Nine of the Third Amended Complaint remain as to the Office of the Chief Judge only (and the Office of the Chief Judge may yet move to dismiss Count Two). Cook County remains—but only for indemnification purposes. The ADEA claims (Counts Three and Four) include requests for liquidated damages.

The status conference scheduled for April 25 at 9:30 am remains in place. The parties must confer before then and be ready to propose a discovery plan going forward.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: April 16, 2019